UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11-8860 DSF (PLAx) | Date | 11/22/11 |
|---|---|---|---|
| Title | Ani Ghazarian, et al. v. Oxy Beverages Group Ltd., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The party asserting federal jurisdiction has the burden to prove that jurisdiction exists. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010).

Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Compl. ¶ 5.) Federal courts have diversity jurisdiction over civil actions in which: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Although Plaintiff alleges that the amount in controversy exceeds the jurisdictional amount, (Compl. ¶ 5), Plaintiff fails to establish complete diversity.

Plaintiff, an individual, fails to allege her own citizenship. An individual is a citizen of the state where he or she is domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Domicile requires residency with the intent to remain. Id. Plaintiff alleges only that she is "an individual living and working in Los Angeles County." (Compl. ¶ 1.) Thus, Plaintiff's citizenship cannot be determined.

Plaintiff also fails to allege the citizenship of Defendants Oxy Beverages Handelsgesellschaft mbH (OBH) and Oxy Beverages Group Ltd. (OBG). Citizenship of a corporation is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Although Plaintiff alleges that OBH, a corporation, is incorporated in Austria, Plaintiff fails to allege OBH's principal place of business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

(Compl. ¶ 2.)  Additionally, Plaintiff alleges neither OBG's state of incorporation nor its principal place of business, stating only that it "purports to be a British corporation."  (Id. ¶ 3.)  Therefore, the citizenship of Defendants OBH and OBG cannot be determined.

Because Plaintiff does not adequately allege the citizenship of the parties, the Court orders Plaintiff to show cause in writing on or before December 5, 2011 why this action should not be dismissed for lack of subject matter jurisdiction.

Counsel's failure to allege jurisdiction adequately does not bode well for any future request to appoint them class counsel.

IT IS SO ORDERED.